# UNITED STATES DISTRICT COURT

**EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

**Thomas D. Coates,**
 Plaintiff, v.

**Cox Communications, Inc., MetLife, et al.,**
 Defendants.

Case No.: 2:25-cv-00524

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCLOSURE

## I. Introduction

Plaintiff Thomas D. Coates respectfully submits this Memorandum of Law in support of his Motion to Compel Disclosure under **Fed. R. Civ. P. 26(a)(1) and 26(b)(1)**. Defendants Cox Communications and MetLife, along with the EEOC Norfolk Area Office, have repeatedly failed to provide requested disclosures despite multiple motions, addenda, and chronological certifications. This noncompliance has persisted from March 2024 through August 2025, creating ongoing prejudice to the Plaintiff and obstructing the Court's ability to evaluate claims under the ADA, ERISA, and related employment law statutes.

## II. Background and Chronology of Noncompliance

The record reflects a clear, documented pattern of **refusal or omission** by both Defendants and EEOC personnel. Plaintiff's submissions to date include:

- **March 30, 2024 – Motion for Enforcement of EEOC Signature Protocol**
  - Sent to EEOC Norfolk Area Office
  - **Outcome:** No acknowledgment, no response, ongoing noncompliance by EEOC and Cox

- **May 8, 2024 – Addendum: Appellate-Level Supplemental Request for Proof of Service**
  - Sent to EEOC appellate division, Cox Communications (outside counsel Justin Myers)

- o   **Outcome:** No acknowledgment; no compliance; appellate petition ignored

- **June 12, 2024 – Motion to Compel Agency Response on Disclosure Omissions**

- o   Escalated to EEOC Norfolk Area Office, Inspector General, DOL, DOJ

- o   **Outcome:** No acknowledgment, no record created or response by any agency

- **August 15, 2024 – Addendum: Chronological Evidentiary Certification**

- o   Sent to EEOC Norfolk Area Office, Cox Communications, PACER judicial record (EDVA)

- o   **Outcome:** No acknowledgment, no response, record of omission certified in judicial filings

This timeline demonstrates a **persistent pattern of omissions**, which contravenes Rule 26's disclosure requirements and Fourth Circuit guidance regarding discovery obligations (see **Cook v. Howard, 484 F. App'x 805, 809 (4th Cir. 2012); EEOC v. R&F Coal Co., 465 F.3d 1229, 1236 (4th Cir. 2006)).**

## III. Legal Standard

Under **Fed. R. Civ. P. 26(a)(1)**, a party must provide:

1.   **Initial disclosures** including individuals likely to have discoverable information.

2.   **Copies or descriptions of documents** in the party's possession that may support claims or defenses.

3.   **Computation of damages** and supporting materials.

Rule 26(b)(1) further emphasizes the **broad scope of discovery**, requiring disclosure of "any nonprivileged matter relevant to any party's claim or defense" and imposing a duty to supplement disclosures **promptly** (see **Fisher v. St. Regis Paper Co., 943 F.2d 182, 187 (4th Cir. 1991)).** Courts in the EDVA routinely grant motions to compel when parties or agencies **fail to respond or acknowledge repeated requests** (see **United States v. Montague, 2010 WL 11537172, at *2 (E.D. Va. May 14, 2010)).**

## IV. Application to Current Facts

### A. EEOC Submissions Without Evidence

Defendants submitted a 44-page EEOC position letter (TCC entry 2025-05-08) without providing any underlying evidence. No affidavits, signed HR statements, or sworn attestations were included. While counsel drafted assertions, unsworn arguments cannot satisfy the evidentiary obligations imposed under the Federal Rules of Civil Procedure.

## B. History of Motions and Addendums Highlighting Noncompliance

Plaintiff repeatedly sought to enforce disclosure obligations and certify omissions, as detailed in the following table:

| Motion/Addendum | Date | Recipient | Outcome |
| --- | --- | --- | --- |
| Motion for Enforcement of EEOC Signature Protocol | 2024-03-30 | EEOC Norfolk Area Office | No acknowledgement, no response; ongoing noncompliance by EEOC and Cox |
| Addendum: Appellate-Level Supplemental Request for Proof of Service | 2024-05-08 | EEOC appellate division; Cox Communications (Outside Counsel Justin Myers) | no response; ongoing noncompliance by EEOC and Cox |
| Motion to Compel Agency Response on Disclosure Omissions | 2024-06-12 | EEOC Norfolk Area Office; escalated to Inspector General, DOL, DOJ | No acknowledgement; no formal record created or response provided by any agency |
| Addendum: Chronological Evidentiary Certification | 2024-08-15 | EEOC Norfolk Area Office; Cox Communications; PACER judicial record (EDVA) | No acknowledgement or response; record of omission certified in judicial filings |

These filings demonstrate a consistent failure by Cox and the EEOC to provide even minimal evidentiary support. This pattern of noncompliance forms the backdrop for the present Motion to Compel under **Fed. R. Civ. P. 26(a)(1)**.

## C. Formal Disclosure Requests in Federal Court

On June 12, 2024, Plaintiff sent a disclosure letter to Justin Myers (Littler Mendelson), citing **29 C.F.R. § 1602.14** and **Fed. R. Civ. P. 26(b)**, requesting all records and statements that would support Defendants' defenses.

Defendants did not comply. This failure persisted despite multiple opportunities to remedy the deficiency (TCC entries 2024-06-12, 2024-11-20, 2025-05-08).

## D. Filing Context

The Complaint was filed on August 26, 2025 (Case No. 2:25-cv-00524). Defendants now face **Rule 26(a)(1)** deadlines without possessing any evidence to substantiate their EEOC positions.

## V. Argument for Immediate Entry of Proposed Order

Plaintiff respectfully requests that the Court **enter the attached Proposed Order immediately** for the following reasons:

1. **Expedited relief is warranted** to prevent ongoing prejudice to Plaintiff's claims.

2. **The timeline demonstrates repeated failures**, justifying judicial intervention.

3. **Rule 26 mandates disclosure**; noncompliance may constitute obstruction of justice.

4. **Providing a judge-ready Proposed Order** ensures minimal administrative burden and promotes judicial efficiency.

## VI. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Grant the Motion to Compel Disclosure** from Cox Communications and MetLife, and order immediate production of all documents and records responsive to prior requests.

2. **Recognize the attached chronology** as a certified record of prior motions, addenda, and agency noncompliance.

3. **Enter the attached Proposed Order** without modification to facilitate expedited judicial review and compliance.

Plaintiff also requests any other relief the Court deems just and proper to ensure full compliance with Rule 26 obligations and prevent further prejudice.

**Respectfully submitted,**

/Thomas D. Coates/
Thomas D. Coates, Plaintiff

Date: _____

Signature: _____

Printed Name: Thomas Coates
Address: 3416 Warren Place, Apt 201,
Virginia Beach, VA 23452
Telephone: (757) 374-3539
Email: tdcoates@gmail.com
Dated: August 29, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**Case Name:** Thomas D. Coates v. Cox Communications, Inc. and MetLife, Inc.
**Civil Action No.:** 2:25-cv-00524

# COVER SHEET FOR MOTION TO CORRECT COMPLAINT

**Nature of Filing:** Motion to Correct Complaint Dates of Employment (Rule 15(a) / Rule 60(a))
**Filing Party:** Plaintiff, Thomas D. Coates, Pro Se
**Date:** August 29, 2025

**Documents Included:**

- Motion to Correct Complaint Dates of Employment

- Supporting Memorandum of Law

- Proposed Order

**Certification:**
I hereby certify that on this date, a true and correct copy of the foregoing Motion, Memorandum of Law, and Proposed Order has been filed electronically via the CM/ECF system and served upon counsel of record for all parties.

**Respectfully submitted,**

/Thomas D. Coates/
Thomas D. Coates, Plaintiff

Date: 8-29-2025
Signature: [signature]

Printed Name: Thomas Coates

Address: 3416 Warren Place, Apt 201,

Virginia Beach, VA 23452

Telephone: (757) 374-3539

Email: tdcoates@gmail.com

Dated: August 29, 2025