THOMAS COATES,

        Plaintiff,

    v.                               ACTION NO. 2:25cv524

COX COMMUNICATIONS, INC., *et al.*,

        Defendants.

## **ORDER TO SHOW CAUSE**

Plaintiff Thomas Coates ("Plaintiff"), appearing *pro se*, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Plaintiff subsequently filed a proposed Motion to Amend, a proposed Motion to Compel, and other proposed filings. Proposed Mot. Amend, ECF No. 1-5; Proposed Mot. Compel, ECF No. 1-8.

Upon review of the financial information set forth in the IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's Complaint and other filings. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

In the Complaint, Plaintiff alleges that he was previously employed by Defendant Cox Communications, Inc. ("Cox"). Compl. at 2. Plaintiff generally alleges that he had a "medical condition" due to an "on-site chest pain episode" that Cox failed to reasonably accommodate. *Id.* Plaintiff also alleges, without much factual detail, that Cox interfered with his rights under the Family and Medical Leave Act ("FMLA"). *Id.* Plaintiff further alleges that Defendant MetLife, Inc. ("MetLife"), who served as the claims administrator for Cox's employee benefit plans, wrongfully denied Plaintiff's request for short-term disability benefits. *Id.* at 1–2.

Plaintiff does not clearly identify the legal claims that he seeks to assert in this action. *Id.* at 1–5. For example, on page 1 of the Complaint, Plaintiff refers to alleged violations of the Americans with Disabilities Act ("ADA"), the FMLA, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Employee Retirement Income Security Act ("ERISA"). *Id.* at 1. However, on pages 3 and 4 of the Complaint, where Plaintiff identifies ten "counts" that he seeks to assert against Cox and MetLife, Plaintiff makes no mention of the FMLA, Title VII, or ERISA. *Id.* at 3–4. Further, many of the "counts" identified on pages 3 and 4 of the Complaint appear to be based on Defendants' submissions to the Equal Employment Opportunity Commission ("EEOC") and do not appear to identify a valid cause of action. *Id.* (accusing Defendants of submitting statements to the EEOC "without proper verification," "fail[ing] to provide sworn affidavits for factual assertions," "rel[ying] on undocumented communications," making "[d]isclaimers without factual basis," failing to document "[i]nternal investigations," and "improperly group[ing]" EEOC

2

matters). Additionally, Plaintiff suggests that he may also seek to assert state law claims in this action, but he fails to clearly identify such claims. *Id.* at 2 (stating that this Court can exercise supplemental jurisdiction over state law claims "[t]o the extent state-law claims (e.g., Virginia FOIA) are included" in this action).

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to dismiss the operative complaint at any time if the Court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint should survive only when it sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In determining whether a complaint states a claim under § 1915(e)(2), courts utilize "the familiar standard for a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Sweet v. N. Neck Reg'l Jail*, 857 F. Supp. 2d 595, 596 (E.D. Va. 2012) (citation omitted). To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Id.* Instead, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Upon review, the Court finds that Plaintiff's Complaint, in its current form, fails to allege facts sufficient to state any plausible claims for relief against Defendants and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). In deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be dismissed by filing an Amended Complaint within thirty days of the date of entry of this Order to Show Cause.[2] Plaintiff is ADVISED that the Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:

(1) be clearly labeled as Plaintiff's Amended Complaint;
(2) clearly identify the intended Defendant(s);
(3) clearly state, with specificity, all claims that Plaintiff intends to assert against Defendant(s);
(4) clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and
(5) clearly set forth all factual allegations upon which each asserted claim is based.

Plaintiff is FURTHER ADVISED that this case may be dismissed if Plaintiff fails to comply with the terms of this Order to Show Cause. *See* Fed. R. Civ. P. 41(b) (explaining that the Court may dismiss an action when a plaintiff fails to prosecute the action or fails to comply with an Order of the Court).[3]

---

[2] Plaintiff filed a Motion to Amend, in which he seeks to correct certain "dates of employment listed in the Complaint." Mot. Amend at 1. Because the Court herein orders Plaintiff to file an Amended Complaint, Plaintiff's Motion to Amend is **DISMISSED AS MOOT**.

[3] As noted above, Plaintiff also filed a Motion to Compel. Mot. Compel at 1–5. In his motion, Plaintiff asks the Court to compel Defendants to provide certain "requested disclosures." *Id.* at 1. The Court finds that Plaintiff's motion is premature. If this matter survives the Court's screening under 28 U.S.C. § 1915(e)(2) and any

In addition to the instructions set forth above, the Clerk is **DIRECTED** to please send a copy of this Order to Show Cause to Plaintiff Thomas Coates.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

Norfolk, Virginia
May 27, 2026

---

dismissal motions that may be filed by Defendants after they are properly served with process and appear in this action, the parties will have an opportunity to engage in discovery. Because the discovery period has not yet commenced, Plaintiff's Motion to Compel is premature and is hereby **DENIED**.