**UNITED STATES DISTRICT COURT**
Eastern District of Virginia – Norfolk Division

Case No. _2:25cv524_____ (to be filled in by Clerk)

**Plaintiff:**
Thomas Coates
3416 Warren Place, Apt 201
Virginia Beach, VA 23452
(757) 374-3539
tdcoates@gmail.com

Jury Trial: ☒ Yes ☐ No

**Defendants:**
Cox Communications, Inc. – Corporate Defendant
MetLife, Inc. – Corporate Defendant

**NOTICE:** Federal Rules of Civil Procedure 5.2 restrict personal identifiers in filings. Do not include full SSNs, full birth dates, names of minors, or full account numbers.

---

# I. The Parties to This Complaint

## A. Plaintiff:
Thomas Coates, as listed above.

## B. Defendants:

1. **Cox Communications, Inc.**, a Virginia corporation, employed Plaintiff and is responsible for all policies, practices, and decisions by its officers, managers, and HR representatives.

2. **MetLife, Inc.**, as the claims administrator of the applicable employee benefit plans, is responsible for benefits determinations, including short-term disability (STD) claims.

At all relevant times, the actions described herein were carried out by employees, managers, and officers of Defendants acting within the scope of their employment. Plaintiff identifies these individuals in the factual narrative as agents of the corporate Defendants and reserves the right to amend the complaint to name them personally should discovery reveal personal liability.

---

# II. Basis for Jurisdiction

- **Federal Question Jurisdiction:** This action arises under federal law, including ADA Title I, FMLA, Title VII, and ERISA. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(3)-(4).

- · **ERISA Jurisdiction:** Claims to recover benefits due under employee benefit plans and for equitable relief are under ERISA § 502(a), 29 U.S.C. § 1132(e)(1).

- **Supplemental Jurisdiction:** To the extent state-law claims (e.g., Virginia FOIA) are included, jurisdiction exists under 28 U.S.C. § 1367(a).

- **Personal Jurisdiction & Employer Coverage:** Cox Communications conducted business in Virginia, employing Plaintiff in this District; MetLife directed benefit determinations here.

- **Venue:** Proper under 28 U.S.C. § 1391(b) – substantial events occurred in Virginia Beach, VA.

- **Jury Trial:** Plaintiff demands a jury trial on all triable issues.

All Defendants acted under color of law or corporate authority to interfere with Plaintiff's federally protected rights.

---

## III. Statement of Claim and Additional Allegations

Plaintiff Thomas Coates was employed by Cox Communications, Inc. from November 27, 2024, until constructive termination on January 2, 2025.

- **Employment & Disability Notice:** By June 28, 2024, Defendants had actual knowledge of Plaintiff's medical condition and need for accommodation after an on-site chest pain episode.

- **Reasonable Accommodation Requests:** Between June 2024 and February 2025, Plaintiff requested accommodations via Workday/HRCASE and through Defendants' supervisors and HR agents, including individuals such as Azariah Workman, Jennifer Melton, Keith Wilson, and Kia Painter, who acted on behalf of Cox or MetLife.

- **Failure to Engage in Interactive Process:** Defendants' HR and management personnel delayed, froze, or denied accommodation workflows (ACCREQ series) and conditioned continued employment on a "Return-to-Work" letter dated November 20, 2024, without providing requested accommodations or alternatives. Corporate Defendants are liable for these acts carried out by their agents.

- **Interference with Statutory Leave:** Defendants interfered with FMLA rights by discouraging leave, imposing paperwork obstacles, and threatening adverse actions if Plaintiff did not return without accommodation.

- **Adverse Actions & Constructive Discharge:** Plaintiff faced retaliatory reassignment, negative performance actions, and a hostile work environment. By January 2, 2025, conditions became objectively intolerable, resulting in constructive discharge.

- **Benefits Denial & ERISA Violations:** MetLife and plan administrators denied or delayed short-term disability benefits despite medical evidence, misapplied plan terms, and failed to provide requested plan documents.

- **Record Manipulation & Spoliation Concerns:** Defendants altered or suppressed HR and leave records (EXNOT and ACCREQ series), impeding Plaintiff's ability to vindicate rights. Plaintiff reserves right to seek adverse-inference sanctions.

Protected Activity & Retaliation: Plaintiff's pursuit of EEOC, VEC, and Virginia FOIA processes triggered

- **Protected Activity & Retaliation:** Plaintiff's pursuit of EEOC, VEC, and Virginia FOIA processes triggered escalated retaliation, including obstruction of records.

- **Damages:** Plaintiff suffered lost wages/benefits, emotional distress, medical exacerbation, litigation costs, and reputational harm.

---

## Key Locations & Dates

| Date | Event | Location / System | Corporate Agent / HR Representative |
|---|---|---|---|
| 06/28/2024 | Sent home for chest pain | Cox Atlanta | HR/Frontline Supervisor |
| 11/20/2024 | "Return to Work" letter demand | CCI-Atlanta | HR Manager / Compliance Agent |
| 12/27/2024–01/04/2025 | FOIA notice logs | EXNOT Series | HR/Legal |
| 02/15/2025 | Accommodation request frozen/denied | ACCREQ Series | HR/Compliance |
| 05/08/2025 | VEC reversal suppressed | UI-145419-C | HR/Legal |

*(Attach as Exhibit A – Workday/HRCASE logs.)*

---

## IV. EEOC Procedural and Record-Based Claims

All counts now refer to **Defendants** rather than individuals:

- **Count I – Unsigned/Unverified EEOC Submission:** 29 C.F.R. § 1601.18(c) – Defendants submitted EEOC statements without proper verification.

- **Count II – Failure to Attach Sworn Affidavits:** EEOC Enforcement Guidance (1996), Part IV(A) – Defendants failed to provide sworn affidavits for factual assertions.

- **Count III – Verbal Conversation Claims Without Records:** 29 C.F.R. § 1601.15(c) – Defendants relied on undocumented communications.

- **Count IV – Contradictory Payroll Statements:** FLSA 29 U.S.C. § 211(c); 26 U.S.C. § 7206 – Payroll inconsistencies linked to MetLife STD claims.

- **Count V – Fabricated Access and Return-to-Work Narrative:** ADA Title I, 42 U.S.C. § 12112(d)(4) – Defendants, through agents, fabricated RTW instructions.

- **Count VI – Improper Footnotes Disclaiming Responsibility:** EEOC Compliance Manual § 605 – Disclaimers without factual basis.

- **Count VII – Misrepresentation of Performance Records:** 29 C.F.R. § 1601.15(c) – Misrepresented evaluations post-accommodation requests.

- **Count VIII – Ignoring Disability Status in Harassment Claims:** ADA 42 U.S.C. § 12112(b) – Disability ignored in harassment evaluations.

- **Count IX – Failure to Conduct Internal Investigation:** 29 C.F.R. §§ 1601.15(c), 1601.18 – Internal investigations not documented.

- **Count X – Improper Grouping of EEOC Matters:** 29 C.F.R. §§ 1601.9, 1601.12(b) – Matters improperly grouped to minimize accountability.

---

# V. Injuries

- **Economic:** Lost wages, benefits, retirement contributions

- **Medical:** Exacerbation of cardiac/stress conditions

- **Emotional:** Anxiety, depression, reputational harm

- **Procedural:** Obstruction of EEOC/FOIA/VEC filings

- **Continuing:** Blacklisting preventing comparable employment

---

# VI. Prayer for Relief

Plaintiff respectfully requests the Court to:

1. Order Defendants to produce all requested records, logs, and drafts;

2. Compel sworn testimony and affidavits from responsible corporate agents;

3. Grant compensatory, statutory, and punitive damages under ADA, FMLA, ERISA, and other law;

4. Award costs and attorney's fees;

5. Grant declaratory judgment of rights violations;

6. Issue injunctive relief requiring reinstatement, restoration of benefits, and correction of HR/agency records;

7. Grant equitable relief including release of suppressed FOIA files and independent compliance monitoring with detailed reporting obligations;

8. Any other relief the Court deems just and proper;

9. Jury trial on all triable issues.

# VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, Plaintiff certifies this complaint is filed in good faith with factual/evidentiary support.

**Pro Se Certification:**
I agree to provide the Clerk's Office with any address changes. I understand failure may result in dismissal.

Date: 8-25-2025

Signature: _____

Printed Name: Thomas Coates

**Verification:**
I declare under penalty of perjury that the foregoing is true and correct.

Date: 8-25-25

Signature: _____

Printed Name: Thomas Coates

Address: 3416 Warren Place, Apt 201, Virginia Beach, VA 23452

Telephone: (757) 374-3539

Email: tdcoates@gmail.com