THOMAS COATES,

        Plaintiff,

        v.                                   ACTION NO. 2:25cv524

COX COMMUNICATIONS, INC., *et al.*,

        Defendants.

## **DISMISSAL ORDER**

Plaintiff Thomas Coates ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"), i.e., without paying the filing fees, along with a proposed Complaint and other proposed filings. In an Order to Show Cause entered on May 27, 2026, the Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's Complaint and other filings. Order Show Cause at 1, ECF No. 2; Compl., ECF No. 5. However, the Court explained that Plaintiff's Complaint "suffer[ed] from defects that must be addressed before this action may proceed." Order Show Cause at 1.

In the Complaint, Plaintiff alleged that he was previously employed by Defendant Cox Communications, Inc. ("Cox"). Compl. at 2. Plaintiff generally alleged that he had a "medical condition" due to an "on-site chest pain episode" that Cox failed to reasonably accommodate. *Id.* Plaintiff also alleged, without much factual detail, that Cox interfered with his rights under the Family and Medical Leave Act

("FMLA"). *Id.* Plaintiff further alleged that Defendant MetLife, Inc. ("MetLife"), who served as the claims administrator for Cox's employee benefit plans, wrongfully denied Plaintiff's request for short-term disability benefits. *Id.* at 1–2.

Plaintiff did not clearly identify the legal claims that he sought to assert in this action. *Id.* at 1–5. For example, on page 1 of the Complaint, Plaintiff referred to alleged violations of the Americans with Disabilities Act ("ADA"), the FMLA, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Employee Retirement Income Security Act ("ERISA"). *Id.* at 1. However, on pages 3 and 4 of the Complaint, where Plaintiff identified ten "counts" that he sought to assert against Cox and MetLife, Plaintiff made no mention of the FMLA, Title VII, or ERISA. *Id.* at 3–4. Further, many of the "counts" identified on pages 3 and 4 of the Complaint appeared to be based on Defendants' submissions to the Equal Employment Opportunity Commission ("EEOC") and did not appear to identify a valid cause of action. *Id.* (accusing Defendants of submitting statements to the EEOC "without proper verification," "fail[ing] to provide sworn affidavits for factual assertions," "rel[ying] on undocumented communications," making "[d]isclaimers without factual basis," failing to document "[i]nternal investigations," and "improperly group[ing]" EEOC matters). Additionally, Plaintiff suggested that he may also seek to assert state law claims in this action, but he failed to clearly identify such claims. *Id.* at 2 (stating that this Court can exercise supplemental jurisdiction over state law claims "[t]o the extent state-law claims (e.g., Virginia FOIA) are included" in this action).

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to dismiss the operative complaint at any time if the Court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint should survive only when it sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court reviewed Plaintiff's Complaint pursuant to its statutory screening obligation and ultimately determined that the Complaint failed to allege facts sufficient to state any plausible claims for relief. Order Show Cause at 4. Therefore, the Court further determined that the Complaint was subject to dismissal under 28 U.S.C. § 1915(e)(2). *Id.*

In deference to Plaintiff's *pro se* status, the Court chose not to immediately dismiss this action. *Id.* Instead, the Court provided Plaintiff with an opportunity to file an Amended Complaint. *Id.* In its May 27, 2026 Order to Show Cause, the Court stated:

> Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be dismissed by filing an Amended Complaint within thirty days of the date of entry of this Order to Show Cause. Plaintiff is ADVISED that the Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:
>
> (1) be clearly labeled as Plaintiff's Amended Complaint;
> (2) clearly identify the intended Defendant(s);
> (3) clearly state, with specificity, all claims that Plaintiff intends to assert against Defendant(s);
> (4) clearly identify a valid basis for the Court's jurisdiction over all asserted claims; and
> (5) clearly set forth all factual allegations upon which each asserted claim is based.

*Id.* (footnote omitted). The Court specifically warned Plaintiff that this case may be dismissed if he failed to comply with the terms of the Court's Order to Show Cause. *Id.* (citing Fed. R. Civ. P. 41(b)). More than thirty days have passed, and Plaintiff has not filed an Amended Complaint, as ordered.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action when a plaintiff fails to prosecute the action or fails to comply with an Order of the Court. Fed. R. Civ. P. 41(b); *see Lillard v. Richardson*, 297 F. App'x 257, 257–58 (4th Cir. 2008); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991). Here, the Court finds that Plaintiff's failure to file an Amended Complaint constitutes both a failure to prosecute this action and a failure to comply with an Order of the Court. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule 41(b).[1]

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order.

The Clerk is **DIRECTED** to please send a copy of this Dismissal Order to Plaintiff Thomas Coates.

---

[1] The Court notes that the dismissal of this action is also warranted under 28 U.S.C. § 1915(e)(2). As explained herein, the Court previously determined that Plaintiff's initial Complaint failed to allege facts sufficient to state any plausible claims for relief against Defendants and was therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). Despite being given an opportunity to do so, Plaintiff did not cure the defects of his initial Complaint via an Amended Complaint.

**IT IS SO ORDERED.**

_____
/s/
Arenda L. Wright Allen
Senior United States District Judge

Norfolk, Virginia
July 7, 2026